UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-170-FDW

| JOSHUA SETTLEMYER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| T. HAMPTON, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6).

## I. BACKGROUND

*Pro se* Plaintiff, who is incarcerated at the Marion Correctional Institution, has filed this civil rights action against Marion C.I. Correctional Officer T. Hampton. Construing the Complaint liberally and accepting the allegations as true, Plaintiff alleges that Defendant Hampton used excessive force against him on April 26, 2019 by slamming him into the wall then pushing him into the entrance of his cell while Plaintiff's hands were restrained behind his back and Plaintiff did not pose a threat to the officer. Plaintiff claims that Defendant Hampton took these actions because he wanted to scare or hurt Plaintiff. Plaintiff received a disciplinary write-up for this incident based on Defendant Hampton's statement that Plaintiff advanced towards him in a threatening manner which was "clearly not true." (Doc. No. 1 at 5). Plaintiff claims that the incident is on video and that another inmate's statement indicates that the officer's actions were "uncalled for." (Doc. No. 1 at 5). Plaintiff seeks compensation for this use of excessive force and asks that Officer Hampton be "put somewhere he can't harm or attempt to harm other inmates or

1

relieved of his duties." (Doc. No. 1 at 5).

Plaintiff has also filed a "Full Statement Notice" (Doc. No. 9), Amended Request for Relief (Doc. No. 10), and Notice to the Court (Doc. No. 11), that seek to add allegations and amend the claims for relief.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must

still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather

3

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff's allegations that Defendant Hampton purposefully slammed him into a wall while restrained states a plausible claim for the use of excessive force. Therefore, the excessive force claim will be permitted to proceed.

Plaintiff also alleges that Defendant Hampton lied in the prison disciplinary proceedings in which Plaintiff was found guilty. However, this claim is barred because its success would necessarily imply the invalidity of the prison disciplinary punishment and this claim will be dismissed. See Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983).

Further, Plaintiff attempts to amend his Complaint through a "Full Statement Notice" (Doc. No. 9), Amended Request for Relief (Doc. No. 10), and Notice to the Court (Doc. No. 11). This will be denied.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice

so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff will not be permitted to amend his Complaint in a piecemeal fashion. However, he may amend in accordance with the Federal Rules of Civil Procedure. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). If Plaintiff chooses to file an Amended Complaint, it must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

### IV. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendant Hampton for the use of excessive force but the remaining claims are dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's § 1983 claim against Defendant Hampton for the use of excessive force survives initial review under 28 U.S.C. § 1915.

(2) The remaining claims are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(3) The Clerk of Court is instructed to mail Plaintiff a blank § 1983 complaint form.

(4) **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Defendant T. Hampton** who is a current or former employee of NCDPS.

Signed: September 25, 2019

Frank D. Whitney
Chief United States District Judge