# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00170-MR

| | |
|---|---|
| JOSHUA SETTLEMYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| T. HAMPTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 17]. Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

Pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Marion Correctional Institution. The Complaint passed initial review against Officer Hampton for the use of excessive force. [See Doc. 12].

In the Amended Complaint, the Plaintiff names as Defendants: Officer T. Hampton; Officer Smith (first name unknown); Sergeant Smith (first name unknown); and the North Carolina Department of Public Safety ("NCDPS"). Plaintiff alleges that Officers Hampton and Smith are correctional officers at Marion C.I.'s Rehabilitative Diversion Unit ("RDU") and that Sergeant Smith

is a correctional sergeant who is responsible for training and supervising Officers Hampton and Smith. [Doc. 17 at 6].

Plaintiff claims that Defendants Hampton and Smith[1] handcuffed him behind his back to escort him to the shower on April 26, 2019. Plaintiff alleges that he then made a comment to Defendant Hampton. In response, Hampton grabbed the Plaintiff by the arm, swung him around, and slammed him into the wall. Defendant Hampton then allegedly shoved Plaintiff back into his cell where Plaintiff landed on the metal bed frame, resulting in injuries and fear for his safety. Plaintiff alleges that Defendant Smith "witnessed the Plaintiff being assaulted and made no attempts to intervene." [Doc. 17 at 8]. Several hours later, Defendant Smith brought two disciplinary infractions against Plaintiff as a result of the incident.

Plaintiff alleges that he pleaded not guilty to the disciplinary charges. He requested video footage and witness statements regarding the incident. Plaintiff alleges that Defendant Smith confirmed that the officers' actions were excessive, and that the incident was caught on camera. Plaintiff alleges that Defendants[2] failed to properly investigate the incident and

---

[1] The Plaintiff does not distinguish between Officer Smith and Sergeant Smith in the body of his Amended Complaint.

[2] The Plaintiff does not identify the Defendants to whom he refers in this claim.

reprimand the responsible individuals. [Doc. 17 at 10]. The Plaintiff was found guilty of two disciplinary infractions that resulted in a number of sanctions being imposed, including 30 days of isolation and the loss of six days of gain time.

Plaintiff seeks various relief, including an award of compensatory damages and a temporary restraining order to prevent Defendants from contacting and harassing him at Marion C.I.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees)..

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. NCDPS

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Accordingly, Plaintiff's claims against NDCPS are barred and will be dismissed with prejudice.

### B. Excessive Force

The allegations in Plaintiff's Amended Complaint that Defendant Hampton used excessive force against him are substantially similar to the allegations in his original Complaint, and they pass initial review for the same reasons. [See Doc. 12]. Liberally construing the Amended Complaint, the Plaintiff appears to allege that Officer Smith failed to intervene in Hampton's use of force and that Sergeant Smith failed to adequately train an supervise these officers. These claims are not indisputably meritless on their face and will be permitted to proceed at this time.

### C. Disciplinary Conviction

To the extent that Plaintiff was convicted of the disciplinary offenses about which he complains, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment

5

> in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Plaintiff appears to allege that his disciplinary convictions resulted from an inadequate investigation and are erroneous. Success on the merit of such a claim would necessarily imply the invalidity of the disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings). Plaintiff, however, has not alleged that the disciplinary convictions have been reversed or otherwise invalidated. Therefore, this claim appears to be barred and it will be dismissed without prejudice.[3]

---

[3] There is a narrow exception to Heck that allows a plaintiff who is no longer in custody to bring a § 1983 claim if he lacked access to federal habeas corpus while he was in

6

Case 1:19-cv-00170-MR   Document 25   Filed 06/09/20   Page 6 of 9

### D. Temporary Restraining Order

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). In the context of prisoner § 1983 litigation, a prisoner's transfer moots a request for declaratory or injunctive relief when the conditions of which the prisoner claims are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

In the instant case, Plaintiff seeks a temporary restraining order and other injunctive relief with regards to his confinement at Marion C.I. However, the Plaintiff was released from NCDPS's custody on March 24, 2020 and he is currently on parole. Plaintiff's requests for injunctive relief are now moot and will be dismissed. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

---

custody. See Griffin v. Baltimore Police Dep't, 804 F.3d 692, 697 (4th Cir. 2015). NCDPS's website indicates that Plaintiff was released from prison on March 24, 2020 and he is currently serving an active term of parole. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0811849&searchLastName=settlemyer&searchFirstName=joshua&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1; Fed. R. Ev. 201. Plaintiff's parole satisfies the "in custody" requirement for seeking federal habeas relief and Heck's exception does not apply. See Jones v. Cunningham, 371 U.S. 236 (1963) (parole satisfies the "in custody" requirement for seeking habeas relief).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Amended Complaint survives initial review against Defendants Hampton, Officer Smith and Sergeant Smith for violations of Plaintiff's Eighth Amendment rights. However, the Amended Complaint will be dismissed with prejudice as to NCDPS, and the Plaintiff's claims for injunctive relief will be dismissed as moot. The remaining claim related to his disciplinary conviction will be dismissed without prejudice.

This Court's Local Rule 4.3 sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Officer Smith and Sergeant Smith,[4] who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint shall proceed against Defendants Hampton, Officer Smith, and Sergeant Smith for Eighth Amendment violations.

---

[4] Defendant Hampton has already appeared in this action. [See Doc. 23].

2. The Plaintiff's claims against Defendant NCDPS are **DISMISSED WITH PREJUDICE**.

3. The Plaintiff's requests for injunctive relief, including a temporary restraining order, are **DENIED** as moot.

4. The Plaintiff's remaining claim related to his disciplinary conviction is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Officer Smith and Sergeant Smith, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge