IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00170-MR

| | |
|---|---|
| JOSHUA SETTLEMYER, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>T. HAMPTON, et al., )<br>)<br>    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* regarding the filing of a Motion for Summary Judgment by Defendants Timothy Hampton, Joshua Smith, and William Smith [Doc. 35]. Also pending is Defendants' Motion to File Exhibit Manually [Doc. 38].

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to the Motion for Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

If the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

2

**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Plaintiff's response, including affidavits or statements, must be presented by Plaintiff to this Court no later than **thirty (30) days** from the date of this Order.

<u>Plaintiff's failure to respond may result in Defendants being granted the relief Defendants seek by way of summary judgment</u>.

Defendants have also filed a Motion seeking leave to manually file a video footage in support of their Motion for Summary Judgment. [Doc. 38]. The Motion will be granted pursuant to the Court's ECF Administrative Procedures. <u>See</u> Admin. Procedures Governing Filing and Service by Electronic Means, Section IV(G) (rev. Jan. 1, 2018). Counsel for Defendants will ensure that copies of the video are made available for Plaintiff's viewing if he requests an opportunity to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall respond to the pending Motion for Summary Judgment within **thirty (30) days** of entry of this Order. Failure to file a timely and persuasive response will likely lead to the relief the Defendants seek by way of summary judgment.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Exhibit Manually [Doc. 38] is **GRANTED** in accordance with this Order.

**IT IS SO ORDERED.** Signed: April 12, 2021

Martin Reidinger
Chief United States District Judge