# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00170-MR

| | |
|---|---|
| JOSHUA SETTLEMYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| T. HAMPTON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 35].

I.  **BACKGROUND**

The Plaintiff, proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 addressing a use of force incident that allegedly occurred at the Marion Correctional Institution.[1] The Defendants are Correctional Officers Timothy Hampton ("Officer Hampton") and William Smith ("Officer Smith"), as well as Correctional Sergeant Joshua Smith ("Sergeant Smith") (collectively "Defendants"). The Amended Complaint passed initial review on

---

[1] The Plaintiff was formerly a prisoner of the State of North Carolina but was recently released from prison. [See Doc. 24].

claims of excessive force, failure to intervene, as well as failure to train and supervise. [Doc. 25 at 4, 8].[2]

The Defendants now move for summary judgment. [Doc. 35]. The Court notified the Plaintiff of the opportunity to respond to the Defendants' Motion and to present evidence in opposition pursuant to Fed. R. Civ. P. 56. [Doc. 39: Roseboro[3] Order]. Plaintiff has not filed a response, and the time to do so has expired. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

---

[2] The Plaintiff's original Complaint and Amended Complaint are not verified or signed under penalty of perjury. [Docs. 1, 17].

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 175, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

3

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. FACTUAL BACKGROUND

Viewing the forecast of evidence in the light most favorable to the Plaintiff, the following is a recitation of the relevant facts.

On April 26, 2019 at approximately 18:33 hours, Officer Hampton and Officer Smith were assisting in conducting showers for inmates. [Doc. 37-4: Officer Hampton Affid. at ¶7]; [Doc. 37-5: Officer Smith Affid. at ¶ 7]. The Plaintiff was placed in handcuffs behind his back so that he could exit his cell to receive his shower. [Doc. 37-4: Officer Hampton Affid. at ¶ 8]. As soon as the cell door was opened, the Plaintiff aggressively advanced towards Officer Hampton while also shouting derogatory remarks towards Officer Hampton. [Doc. 37-4: Officer Hampton Affid. at ¶¶ 9-10]; [Doc. 37-5: Officer Smith Affid. at ¶ 9]. In accordance with NCDPS policy, Officer Hampton, using a soft hands-on defensive tactic, placed his hand on the Plaintiff's chest to stop his

4

advance, then used "a minimal amount of force (a slight shove)" to return the Plaintiff to his cell. [Doc. 37-4: Officer Hampton Affid. at ¶¶ 11-13, 19]; [Doc. 37-5: Officer Smith Affid. at ¶ 10]. Officer Hampton's use of force was "minimal but necessary to stop the advance of a combative inmate with a history of gang activity and assaultive behavior." [Doc. 37-4: Hampton Affid. at ¶ 20].[4] Officer Hampton then secured Plaintiff's cell door, however, the Plaintiff refused to return his hand restraints. [Doc. 37-4: Officer Hampton Affid. at ¶¶ 13-14]. Officer Hampton notified the sergeant on duty, Sergeant Smith, of the incident. [Doc. 37-4: Officer Hampton Affid. at ¶ 14]; [Doc. 37-6: Sergeant Smith Affid. at ¶ 9].

Sergeant Smith conducted a preliminary investigation of the incident by checking the Plaintiff for injuries and listening to his side of the story. [Doc. 37-6: Sgt. Smith Affid. at ¶ 10]. The Plaintiff explained that he could have injured himself had he fallen while handcuffed, but at no point did the Plaintiff say that he had fallen or that he needed any medical attention. [Doc. 37-6: J. Smith Affid. at ¶ 11-12]. Nurse Angila Condrey[5] screened the Plaintiff following this incident but the Plaintiff denied needing medical treatment and

---

[4] The Plaintiff is a validated member of a North Carolina Department of Public Safety Security Risk Group with a history of assaultive/ combative behavior as an inmate. [Doc. 37-4: Officer Hampton Affid. at ¶ 17-18]; [Doc. 37-6: Sergeant Smith Affid. at ¶¶ 14-15].

[5] Nurse Angila Condrey is not a Defendant in this action.

5

refused subsequent medical screening. [Doc. 37-2: Use of Force Report at 2, 10]; [Doc. 37-4: Hampton Affid. at ¶ 16]. The Plaintiff, in a disciplinary hearing following the incident, was found guilty of disobeying an order and using profane language. [Doc. 37-2: Use of Force Report at 4].

The Plaintiff has not presented any forecast showing that the Defendants ever knowingly or willfully acted in any manner intended to deprive the Plaintiff of any right secured by North Carolina law or the Constitution or laws of the United States. [Doc. 37-4: Officer Hampton Affid. at ¶ 23]; [Doc. 37-5: Officer Smith Affid. at ¶ 13]; [Doc. 37-6: Sergeant Smith Affid. at ¶ 17].

The Defendants have filed video surveillance of the incident that shows:

| | |
|---|---|
| 6:33:01 | An officer unlocks the cell door as a second officer stands by; |
| 6:33:11 | Plaintiff exits the cell while advancing towards the officer and speaking; |
| 6:33:12 | An officer applies one hand the Plaintiff's chest to push him back against the cell doorway, then shoves the Plaintiff back through the cell doorway; |
| 6:33:16 | Cell door is closed; |
| 6:33:19 | The door trap is closed and the officers proceed to the next cell; |

6

| | |
|---|---|
| 6:34:16 | An officer returns to lean against the Plaintiff's cell door and appears to make a radio communication; |
| 6:34:27 | The officer walks away; |
| 6:35:03 | An officer returns to the Plaintiff's cell, opens the door trap, appears to remove his restraints, and leaves; |
| 6:35:28 | A third officer arrives at the Plaintiff's cell and appears to confer with him; and |
| 6:35:47 | The third officer walks away |

[See Doc. 39: Order Granting Motion to File Video Exhibit Manually].

## IV. DISCUSSION

The Plaintiff alleges that Officer Hampton used excessive force by pushing him back towards the cell, that Officer Smith failed to intervene, and that Sergeant Smith failed to train and supervise the officers.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently serious – and a subjective component – that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

This subjective standard requires proof of malicious or sadistic action by a prison official in order to make out an excessive force claim. This is because prison "[o]fficials are entitled to use appropriate force to quell prison disturbances." Williams, 77 F.3d at 761. "Because officials must act 'in haste, under pressure, and frequently without the luxury of a second chance,' deliberate indifference is not a sufficiently rigorous standard." Id. (citing Whitley, 475 U.S. at 320. "Rather, in these circumstances, in order to make out an Eighth Amendment claim, a prisoner must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm." Id. (internal quotations and citation omitted).

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

In order to make out an Eighth Amendment claim for supervisory

liability, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, the Plaintiff contends that Officer Hampton violated his rights under the Eighth Amendment by using excessive force against him, that Officer Smith failed to intervene during the incident, and that the incident occurred due to Sergeant Smith's failure to adequately train and supervise the officers. The forecast of the evidence before the Court, however, leaves no genuine issue of material fact for trial on these issues. The Plaintiff's aggressive advance towards Officer Hampton, while also shouting derogatory remarks, warranted Officer Hampton's use of force sufficient to control the Plaintiff and return him to his cell. Furthermore, the Plaintiff denied needing medical treatment and refused a subsequent medical

screening after the incident. As such, the record is clear that the force employed was not serious or significant. Moreover, the Plaintiff's only apparent complaint was the potential that he could have fallen while handcuffed. Notwithstanding such hypothetical concerns, the Plaintiff has submitted no forecast of evidence that the force Officer Hampton used was objectively unreasonable, that Officer Hampton subjectively applied such force with the requisite state of mind, or that the Plaintiff sustained any injury whatsoever. In sum, the undisputed forecast of evidence before the Court shows that Officer Hampton acted reasonably under the circumstances and exercised only the minimal amount of force necessary to restore order and discipline in response to Plaintiff's aggressive behavior and actions. See Williams, 77 F.3d at 761. Further, Officer Hampton denies that he acted for the purpose of depriving any right secured to the Plaintiff, which the Plaintiff does not attempt to refute.

Without any use of excessive force, the Plaintiff's claim against Officer Smith for failure to intervene during the incident necessarily fails. Likewise, because Officer Hampton's use of force was appropriate, allowed under NCDPS policy, and does not pose an unreasonable risk of constitutional injury, the Plaintiff's claim against Sergeant Smith for failure to adequately train and supervise the officers necessarily fails as well.

Therefore, the Defendants will be granted summary judgment as to these claims.[6]

## IV. CONCLUSION

For the reasons stated herein, the Court grants summary judgment for the Defendants' and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 35] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: August 11, 2021

Martin Reidinger
Chief United States District Judge

---

[6] In light of the Court's conclusion that the forecast of evidence presented fails to demonstrate a constitutional violation, the Court need not address the Defendants' assertion of the defense of qualified immunity. Curiously, the Defendants also argue that the Plaintiff's requests for declaratory and injunctive relief should be denied as moot. However, the Court previously dismissed Plaintiff's request for declaratory and injunctive relief as moot. [See Doc. 25].